## PROFESSOR JACKO vs. THE STATE.

1. A license to keep a theatre will not protect one who, by contract with the licensee, exhibits therein feats of legerdemain or sleight of hand.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

The plaintiff in error was indicted, under § 397 of the Code, for exhibiting feats of sleight of hand, without having first taken out a license. The case is brought to this court upon questions reserved as novel and difficult, and the facts may be thus stated:

The plaintiff in error admits that he exhibited feats of sleight of hand, as charged in the indictment, and insists that the law does not extend to his case. The building in which the exhibition took place is situated in the city of Mobile, and belongs to one Barney Van Eppes. At the time of the exhibition, one Dan Rice was the lessee of the building, and had taken out a theatre license for the current year. Rice himself was in New Orleans, and was the manager of a museum and circus theatre. The plaintiff in error and Rice made an agreement in New Orleans, by which the former was to give exhibitions in Mobile, in the building above named, on the following terms: Rice was to pay all expenses including licenses, and to furnish the building, and the proceeds of the performances were to be divided equally between

6

them. The plaintiff in error gave one exhibition in Mobile, under this agreement, in the said building, for which this indictment was found.

"It appeared in evidence, that the building is sometimes called "The Amphitheatre," and sometimes "Dan Rice's Hippodrome;" that there are no performances entirely dramatic; that in December, 1852, Rice had a circus in the building, that is to say, equestrian performances, feats of activity, clownish dialogues and scenes, and Smith's negro minstrels; that after they left, the "Monkeys" were exhibited there; then the "Bramin Cattle," "The wild man of the woods," "Col. Fremont's horse without hair," "Herr Carr, the necromancer;" and among others these were severally exhibited alone, and while they were being exhibited there were no other performances; lastly, the defendant."

Upon this, the court decided that the theatre license issued to Dan Rice did not protect the defendant; to which ruling of the court, the defendant excepted.

PERCY WALKER, for plaintiff in error.

M. A. BALDWIN, Attorney General, and P. T. SAYRE, contra.

GIBBONS, J.—The decision of the court below upon the question presented was, in our opinion, correct. Although the term "theatre" has an extended signification, and comprehends a variety of performances, yet it is conceived that all which it does legitimately comprehend partake more or less of the character of the drama. The term drama, as defined by Mr. Webster, means a poem or composition representing a picture of human life, and accommodated to action. It may be conceded, that its signification is broad enough to cover any representation in which a story is told, a moral conveyed, or the passions portrayed, whether by words and actions combined, or by mere actions alone; yet it would by no means follow, that the terms "theatre" and "circus" were synonymous or convertible terms. The dramatic performances which are recognized as belonging to a theatre, are those adapted to the stage, with the appropriate scenery for their representation. The stage with its machinery and appurtenances, forms an essential element in the definition of the

term "theatre." A circus, on the other hand, has no stage, but a ring; and the performances are of a character that can take place in the circle, in the absence of the stage and its appurtenances. They may both be arranged under the general term "amusements," but differ from each other as one species differs from another under the same genus. It may often be difficult to trace the dividing line between the terms theatre and circus from the character of their exhibitions, but there can be none whatever in distinguishing the difference between the usual performances of a theatre and an exhibition of feats of sleight of hand or legerdemain. The latter cannot be said to be a dramatic performance, in any legitimate sense of that term.

But we are relieved from all doubt upon this subject by the provisions of the Code.— *Vide* § 397, paragraphs 11 and 15. There the terms are evidently used in different senses, and a tax imposed upon each of a different grade, evidently using them in their common and popular sense. We have attempted to show that a distinction exists, independent of the statute, and by the definition of the words themselves. We would not now decide, that in the regular business of a theatre, there might not be introduced, for the purpose of giving variety to the performance, species of amusement not belonging to the legitimate drama; but we have no hesitation in saying, that under a license to keep a theatre, the licensee would not be authorized to change the entire character of the establishment, and make it a circus, or a place solely for the exhibition of feats of sleight of hand or legerdemain.

Our conclusion is, that the plaintiff in error was not authorized by the theatre license of Rice to make his exhibition, without paying the tax imposed by law, and the judgment of the court below is affirmed.