STATE vs. JOHN WESLEY MORRIS.

*Moving   Pictures—Theatrical   Performances—Circus—Statute.*

1.   Under *Sec.* 1, *Chap.* 117, *Vol.* 13, *Revised Code* (1893) p. 56, providing that no person * * * without having first obtained a proper license therefor * * * shall be engaged in * * * exhibiting circuses * * *, *Section* 4 making a violation thereof a misdemeanor, and *Section* 5 providing that every building * * * where * * * theatrical performances are exhibited shall be deemed a circus within the meaning of this act, the accused, as shown by an agreed statement of facts, being engaged, without a license, in the business of exhibiting moving pictures * * * in a building * * * and showing stationary pictures when some person employed by the accused would sing songs illustrated by the pictures * * * , was found to be guilty of exhibiting a circus within the meaning of the statute.

2.   Exhibiting moving pictures upon a screen * * * in a building * * * consisting of pictorial representations of scenes, persons * * * and exhibiting by means of magic lanterns * * * stationary pictures, during the exhibition of which some person in the employ of the company would sing songs, illustrated by the pictures, for the amusement of spectators for a price of admission, is a circus under *Sec.* 5, *Chap.* 117,]*Vol.* 13,]*Rev. Code* (1893)p.56, which provides that every building * * * where * * * theatrical performances are exhibited shall be deemed  a circus within· the meaning of the act; the word theatrical meaning of or pertaining to a theatre or scenic representation, resembling the manner of dramatic performers.

(*May* 4, 1910.)

Judges BOYCE and HASTINGS sitting.

*Josiah O. Wolcott*, Deputy Attorney-General for the State.

*John W. Brady* for the defendant.

Court of General Sessions, New Castle County, May Term, 1910.

Hearing upon an INDICTMENT FOR EXHIBITING A CIRCUS WITHOUT A LICENSE, (No. 85, September Term, 1909), upon an agreed statement of facts.

BOYCE, J., charging the jury:

Gentlemen of the jury:—John Wesley Morris, the defendant, has been indicted under *Chapter* 117, *Volume* 13, *Laws of Delaware, page* 56 *of the Revised Code of* 1893. *Section* 1 of said Chapter provides "that no person or persons, firm, company or corporation, without having first obtained a proper license therefor, as hereinafter provided, shall, within the limits of this State, be engaged in, prosecute, follow or carry on any trade, * * * that is to say: * * * Exhibiting Circuses" * * * . *Section* 4 of said Chapter provides "that if any person or persons * * * shall be engaged in * * * any trade * * * , named in the first section of this act, without having first obtained a proper license therefor, he, she, or they * * * and each of them, and the president and directors, and each of them * * * for every such offense shall be deemed guilty of a misdemeanor" * * * .

After said indictment had been found, and before you were empanelled, the Attorney-General and the counsel for the defendant filed, in this Court, an agreed statement of facts, disclosing the character of the business which the Hyrup Amusement Company therein mentioned was, at and before that time, engaged in. We have heard argument upon the question at issue. You will at the conclusion of the reading of this opinion return such a verdict as the Court will then direct you.

The said agreed statement of facts sets forth, among other things; "That on the ninth day of June in the year of our Lord one thousand nine hundred and nine, and on divers other days and dates between that day and the day of the finding of the said indictment, the said defendant was a director of Hyrup Amusement Company, a corporation of the State of Delaware.

"That on the said ninth day of June A. D. 1909, the fifteenth day of June A. D. 1909, and the seventh day of July A. D. 1909, the said Hyrup Amusement Company, was engaged in Wilmington Hundred, New Castle County and State of Delaware, in the following described business to-wit, in the business of exhibiting moving pictures upon a screen, curtain or other contrivance by means of a certain apparatus made for that purpose;

that such business was conducted in a building known as No. 411 Market Street, Wilmington, Delaware; that said moving pictures consisted of pictorial representations of scenes, persons, and things in motion for the amusement and pleasure of the spectators assembled in said building for which a price of admission was charged by said Hyrup Amusement Company; that on said days said Hyrup Amusement Company further was engaged in the business of exhibiting, by means of magic lantern, slides, and other proper apparatus sundry stationary pictures during the exhibition of which said stationary pictures some person in the employ of said Hyrup Amusement Company would sing songs which songs were then and there illustrated by said stationary pictures.

"That neither said John Wesley Morris the defendant nor said Hyrup Amusement Company on the said ninth day of June or on any other day between that date and the date of the finding of the said indictment, had or possessed a license under the laws of the State of Delaware for exhibiting a circus.

"That if the business so as aforesaid described did not constitute the exhibiting of a circus within the meaning of the laws of the State of Delaware the jury should be instructed to acquit the defendant, otherwise the jury should be instructed to find said defendant guilty under the said indictment.

The sole question for determination is whether the said described business of the said Hyrup Amusement Company, did constitute the exhibiting of a circus within the meaning of said act of Assembly. *Section* 5 of said statute provides that * * * "every building, tent, space or area where feats of horsemanship, or acrobatic sports, or theatrical performances are exhibited, shall be deemed a circus within the meaning of this act," * * *. Was or was not the said Hyrup Amusement Company engaged in the business of a circus?

Ordinarily, in the absence of any statutory declaration or definition, we should not say that said described business did constitute a circus within the usual meaning and definition of the word circus, or that the meaning of circus would be included in

Verdict.

the term "theatrical performances;" but the said statute expressly declares that "every building * * * where * * * theatrical performances are exhibited shall be deemed a circus." * * *. The question is, therefore, did the business of the said Hyrup Amusement Company, as disclosed by the said agreed statement of facts, come within the meaning of the terms "theatrical performances" which latter the statute constitutes a circus within the meaning thereof.

By the Century Dictionary, "theatrical" means "of or pertaining to a theatre or scenic representations resembling the manner of dramatic performers;" by Webster, "of or pertaining to a theatre or scenic or dramatic representations;" and by the Standard Dictionary, "of or pertaining to the theatre; of the nature of dramatic or scenic representations; befitting the stage; dramatic."

After considering the facts of this case, and the arguments of counsel, on both sides and in connection with the well settled meaning of theatrical, or of "theatrical performances," we are of the opinion that the business described in the said agreed statement of facts did constitute the exhibiting of a circus within the meaning of said statute.

And it appearing that neither the said defendant nor the said Hyrup Amusement Company, on the said ninth day of June, or on any other day between that date and the date of the finding of said indictment, had or possessed the required license for exhibiting a circus, we, therefore, instruct you, gentlemen of the jury, to find the said John Wesley Morris, the defendant, guilty under the said indictment.

Verdict, guilty.