### RUNNING OF MOVING PICTURE SHOWS ON SUNDAY MAY BE PROHIBITED.

Court of Appeals for Ross County.

CLARENCE MYERS v. STATE OF OHIO.*

Decided, February 29, 1916.

*Sunday Laws—Running a Moving Picture Show is Giving a Theatrical Performance—Contrary to the Statute Relating to Sabbath Desecration.*

A moving picture show is a theatrical performance and is prohibited on Sunday by Section 13049, General Code of Ohio.

The plaintiff in error was charged, in an affidavit filed in the mayor's court of Chillicothe, with unlawfully and purposely exhibiting to the public, in a building known as the Majestic Theatre, on East Second street in that city, "a theatrical performance, to-wit, a moving picture show, on the first day of the week, commonly called Sunday."

It appears from the testimony that the defendant was exhibiting a moving picture show on Sunday, the 21st of November, 1915, at the place mentioned in the affidavit; that the name of

---

*Motion to direct the Court of Appeals to certify its record in this case overruled, April 25, 1916.

the picture was "Judith of Bethulia;" that at the time the picture was exhibited there was no scenery used and no music of any kind; that the picture had been approved by the board of censors, in accordance with the law of Ohio, and that tickets were sold in the usual way.

*Walter W. Boulger,* for plaintiff in error.
*John P. Phillips, A. P. Minshall* and *Garrett Claypool,* contra.

SAYRE, J.

The defendant was found guilty of a violation of Section 13049, General Code of Ohio, and the judgment was affirmed by the Court of Common Pleas of Ross County.

Section 13049 reads as follows:

"Whoever, on Sunday, participates in or exhibits to the public with or without charge for admittance, in a building, room, ground, garden or other place, a theatrical or dramatic performance or an equestrian or circus performance of jugglers, acrobats, rope dancing or sparring exhibition, variety show, negro minstrelsy, living statuary, ballooning, base ball playing in the forenoon, ten pins or other game of similar kind, or participates in keeping a low or disorderly house or resort, or sells, disposes of or gives away ale, beer, porter or spirituous liquor in a building appendant or adjacent thereto, where such show, performance, or exhibition is given, or houses or place is kept, on complaint within twenty days thereafter, shall be fined not more than one hundred dollars or imprisoned in jail not more than six months, or both."

The question for determination is, whether a moving picture show is a "theatrical performance."

When the words "theatrical performance" were originally placed in the statute there were no moving picture shows, but at the time of the last amendment, April 26, 1911 (O. L., 102, p. 92), they were common things. The fact that there were no moving picture shows when the statute was originally passed is not decisive of the question. *State v. Cleveland,* 83 O. S., 61.

The argument that the Legislature meant to allow moving picture shows on Sunday because they were not included by

name in the amendment of 1911 is not at all convincing or satisfactory.

The Century Dictionary defines the adjective "theatrical" thus:

"Of or pertaining to a theatrical or scenic representation; resembling the manner of dramatic performances; as, theatrical performances; theatrical gestures."

The same authority defines "performance" thus:

"3. A musical, dramatic or other entertainment; * * *."

It does not require any assembling of facts or arguments to demonstrate that a moving picture show is an entertainment resembling the manner of a dramatic performance. So a moving picture show is within the strict letter of the statute. Is it within the real meaning and spirit of the descriptive terms of the same? Section 13049 is a police regulation, the purpose of which is to fix regular recurring days of rest from certain secular pursuits therein named, and thus to promote the business, health and wellbeing of society. *State* v. *Powell*, 58 O. S., 324.

The exhibition of the ordinary picture show is a secular pursuit, just as the old line dramatic performance is, and as base ball playing is. The very object aimed at in the statute was the prevention of the prosecution of these secular pursuits every day.

The two performances differ in the fact that in the picture show moving pictures of persons and things are thrown on a screen, and in the old line dramatic performance the persons and things appear upon the stage. In the former there is absence of the human voice; in the latter the human voice is present. But while these differences and some others are found, the two in many respects are similar. In the moving picture show there are human forms in action, exhibiting fear, terror, courage, cowardice, hope, love, hatred, happiness, sadness, despair, and all the various passions, virtues, vices and human characteristics which are portrayed on the stage by real persons. In the moving picture show situations are represented which draw moral truths, as on the stage by real actors. In the picture show

there is the same exaggeration of events as portrayed by real actors. The effect upon the audience is substantially the same. In both the moving picture show and the old line dramatic performance the particular thing aimed at is the portrayal of the events and emotions of life, often highly exaggerated and misrepresented, to afford entertainment to the audience.

Further, the moving picture represents to the eye greater, larger and more comprehensive scenic effects than can possibly be produced upon the real stage.

These facts are referred to simply to make plain that the moving picture show is in actual fact a scenic representation, and by the very best authority a scenic representation is a theatrical entertainment or performance.

The judgment of the court of common pleas will be affirmed. Judgment affirmed.

WALTERS, J., and MERRIMAN, J., concur.