Lieghley, J.
For convenience William Standen will hereinafter be called “defendant” and the State of Ohio “plaintiff.”
William Standen was charged by affidavit before a justice of the peace in and for Wadsworth township, Medina county, Ohio, with unlawfully exhibiting a theatrical performance, to-wit, a motion picture show, on Sunday. The defendant waived examination and was bound over to the probate court of Medina county. Trial was had in said court without the intervention of a jury and resulted in conviction and sentence. Error was prosecuted from said court to the court of common pleas, which resulted in an affirmance of the judgment below. Error is prosecuted to this court to reverse the judgment of the court of common pleas.
The affidavit was founded upon Section 13049, General Code. Complaint is made that a moving picture show is not comprehended within the lan *169 guage of said statute, a “theatrical or dramatic performance,” and that therefore said conviction is contrary to law.
Section 13049, General Code, in substantially the present language of the act, was enacted in 1881, which was long before the moving picture show was generally known. For this reason it is urged that a moving picture show was not contemplated at the time of the enactment and cannot now fairly be said to be comprehended within its language. This section was amended in 1911, after show houses had become prevalent, in respect to Sunday baseball, but no phrase or clause was added to expressly include the moving picture. It is therefore suggested, on the one hand, that the act having received recent consideration of the legislature and no mention having been made in the act of moving pictures, it was not intended to control and regulate the same; and, on the other hand, it is urged, that, upon consideration of the act by the legislature in 1911, it is just as reasonable to assume that it was concluded that the language theretofore employed in the act fully comprehended and covered the subject.
What does the phrase “theatrical or dramatic performance” mean? According to Webster, “theatrical” means “Of or pertaining to a theater or scenic or dramatic representations.” Standard Dictionary defines it “Of or pertaining to the theater; of the nature of dramatic or scenic representation; befitting the stage; dramatic.” Century Dictionary defines it “Of or pertaining to a theater or scenic representations; resembling the manner of dramatic performers.”
*170 Quoting from the syllabus in the case of Kalem Co. v. Harper Bros., 222 U. S., 55:
•* “An exhibition of a series of photographs of persons and things, arranged on films as moving pictures and so depicting the-principal scenes of an author’s work as to tell the story is a dramatization of such work.”.
The conclusion irresistibly follows that one who conducts the exhibition is exhibiting a theatrical or dramatic performance. In the Kalem case it was held that a moving picture film of scenes and descriptions of certain portions of General Lew Wallace’s book “Ben Hur” was an infringement of the copyright upon said book and that “Ben Hur” was dramatized by the moving picture film. The* opinion is written by Mr. Justice Holmes of the supreme court of the United States and attention is called to the language employed by him as bearing upon a definition of what “a theatrical and dramatic performance” is.
In the case of Ex parte Lingenfelter, 64 Tex. Cr., 30, at page 45, (142 S. W. Rep., 555, 562), is the following language:
“Being of the opinion that a moving picture show of the character and kind presented in this state, comes within the definition of amusements of like character, kind and species as a theater, and while not a theater, yet it is of the same genus.”
We are satisfied that the rule of statutory construction in this state permits and requires the conclusion that a moving picture show is included within the language of the statute, and that the statute was intended to operate to forbid the misr *171 chief intended to be remedied thereby, i. e., to prevent certain public exhibitions on Sunday.
“A statute may include by inference a case not originally contemplated when it deals with a genus within which a new species is brought.” State v. Cleveland, 83 Ohio St., 61.
We feel that this judgment should be affirmed. In view of the fact that the court of appeals of Ross county has decided the same question and published its opinion, we deem it unnecessary to prolong this opinion. (Myers v. State, 5 Ohio App., 156.) Motion to certify record in the Myers case was overruled by the supreme court, April 25, 1916.
While it is claimed that the court of appeals did not support its opinion in the above case by citation of authorities, we think the reasoning of that court is amply supported by the authorities herein cited.
See also State v. Morris, 1 Boyce (Del.), 330, 76 Atl. Rep., 479; Moore v. Owen, 58 Misc., 332, 109 N. Y. Supp., 585, and Jacko v. State, 22 Ala., 73.
The judgment is affirmed at the costs of plaintiff in error.

Judgment affirmed.

Grant and Carpenter, JJ., concur.