(109 So. 617)

### CRUTE v. STATE. (8 Div. 434.)

(Court of Appeals of Alabama. Sept. 7, 1926.)

1. Theaters and shows ⊙⇒3—License to run moving picture show or "show of like character" does not cover vaudeville show (Revenue Laws 1923, § 303, schedules 110, 111 [Gen. Acts 1919, pp. 433, 434, § 361, schedules 106, 107]).

License to run moving picture show or "show of like character," under Revenue Laws 1923, § 303, schedule 111 (Gen. Acts 1919, p. 434, § 361, schedule 107), did not permit vaudeville show to be run without procuring license therefor under schedule 110 (Gen. Acts 1919, p. 433, § 361, schedule 106).

2. Criminal law ⊙⇒304(2).

Court takes judicial notice of marked distinction between moving picture show and vaudeville show.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Charles Crute was convicted of doing business without a license, and he appeals. Affirmed.

Cooper & Cooper, of Huntsville, for appellant.

Counsel argue for error in the judgment, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. This appellant was convicted for the offense of operating a vaudeville show without a license.

The facts adduced upon the trial were practically without dispute, and disclosed that appellant, during the period of time covered by the affidavit, conducted a moving picture show in the city of Huntsville, Ala.; that the main feature of his business was the exhibition of moving pictures. He had also advertised and staged and charged admission for vaudeville shows. He had obtained a license to operate a moving picture show, but had failed or refused to take out a license to run a vaudeville show.

[1] But one question is here presented, whether or not the appellant was required to procure and pay for a license for conducting a vaudeville show as provided by section 303, Revenue Laws 1923, schedule 110 (Gen. Acts 1919, p. 433, § 361, schedule 106), or did the license procured by him, above referred to, authorize him to conduct such vaudeville performances also, without procuring the additional license.

The license issued to him was for a moving picture show, under schedule 111 (Gen. Acts 1919, p. 434, § 361, schedule 107) and this provides:

"For each person engaged in conducting a moving picture show, or show of like character, to which admission is charged," etc.

[2] Appellant insists that the phrase, "or show of like character," contained in his license, precluded the necessity of securing a specific license for his vaudeville show, thus contending that a vaudeville show is a show of like character to a moving picture show, in contemplation of law. We do not so conclude. We are of the opinion, as a matter of common knowledge, that there is a marked distinction between a moving picture show and a vaudeville show; and it is evident that the intent of the Legislature was to this effect, as specific licenses are required under the schedules, supra, for a moving picture show and also for a vaudeville show. The lower court took this view, and we think correctly so. There is probably some analogy to this conclusion in the case of Professor Jacko v. State, 22 Ala. 73.

It follows therefore that the judgment of conviction appealed from must be affirmed.

Affirmed.