**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2512
_____

CUSTOMERS BANK, FORMERLY KNOWN AS NEW CENTURY BANK,
INCLUDING ASSIGNEE OF BENEFICIAL MUTUAL BANCORP, INC.; RYAN
SCHOFIELD; PAULA DIANE PEYTON; THERESA DERBY; KELLY DOYLE;
JASON RAYSOR; EDWINA MONAGHAN; KIM CRAYTON; ELLEN FRANK,

v.

MUNICIPALITY OF NORRISTOWN; SEAN KILKENNY; CHARLES PICARD;
JAYNE MUSONYE; CHRISTOPHER FAZIO; JOHN PASQUALE; LYNN BIXLER;
WALTER WYCKOFF; JANE DOES/JOHN DOES NOS. 1-50; FIRE BATTALION
CHIEF REMILLARD; REMINGTON, VERNICK & BEACH ENGINEERS; TOM
KELLEY; VINCENT J. DIMARTINI; YERKES ASSOCIATES, INC.; VICTORY FIRE
PROTECTION, INC.; ALL STATE DESIGN GROUP, INC.; RUSSELL BONO,
INTERIM BOROUGH MANAGER; DAVID FORREST, BOROUGH MANAGER,

RYAN SCHOFIELD; PAULA DIANE PEYTON; THERESA DERBY; KELLY
DOYLE; JASON RAYSOR; EDWINA MONAGHAN; KIM CRAYTON; ELLEN
FRANK,
                                                    Appellants
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-12-cv-2471)
District Judge: Hon. Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2014
_____

Before: HARDIMAN, SHWARTZ, and BARRY, Circuit Judges.

(Filed: April 11, 2014)

_____

OPINION

_____

SHWARTZ, <u>Circuit Judge</u>.

Plaintiffs Ryan Schofield, Paula Diane Peyton, Ellen Frank, Theresa Derby, Kelly Doyle, Jason Raysor, Edwina Monaghan, and Kim Crayton ("Plaintiffs")[1] brought suit against the Municipality of Norristown and several of its employees and independent contractors (collectively, "Defendants") alleging, among other things, claims pursuant to 42 U.S.C. § 1983 for violation of their substantive due process rights. The District Court granted Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs now appeal. We will affirm.

## I[2]

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. This case arises from the flawed construction of the

---

[1] Customers Bank was also a plaintiff in the case before the District Court but does not join the appeal.

[2] The District Court had jurisdiction in this case pursuant to 28 U.S.C. § 1331, and we exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's order dismissing a complaint. <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220 (3d Cir. 2011). We "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). The facts recounted here are drawn from Plaintiffs' Second Amended Complaint.

Rittenhouse Club Condominium in Norristown, Pennsylvania ("the Property"), which Fazio Properties Rittenhouse Club, LLC ("Fazio Properties") began to build in 2006.

Plaintiffs assert that Norristown and several of its employees ("the Norristown Defendants")[3] knew that Fazio Properties did not have experience building complicated structures but failed to oversee the construction. Plaintiffs also contend that the Norristown Defendants failed to enforce the Pennsylvania Uniform Construction Code, and instead demonstrated, "[a]t best, . . . abject apathy" by failing to keep records or hire certified building inspectors, instead entrusting code enforcement to inexperienced employees and outside firms. App. 152. In that regard, Plaintiffs claim Norristown relied on Remington, Vernick & Beach Engineers, Inc. ("RVB") and Yerkes Associates, Inc. ("Yerkes") to inspect the Property.[4] Plaintiffs allege that RVB did not employ a certified business code inspector, and that RVB's inspections failed to uncover structural deficiencies. Plaintiffs further allege that Yerkes identified "serious safety deficiencies," including the fact that the fire exit stairway was constructed of wood, but "failed to report or take any action thereon, resulting in grave risk of safety to" Plaintiffs. App. 161.

Norristown issued Use and Occupancy Certificates ("the UOCs") for Plaintiffs' units between April 7, 2007 and July 11, 2007, allegedly despite being aware that there were problems with the Property. Specifically, Plaintiffs allege that the Norristown fire

---

[3] The Norristown Defendants include the Municipality of Norristown and seven of its current or former employees.

[4] Plaintiffs alleged § 1983 claims against RVB and two of its employees, as well as against Yerkes and two of its employees. Because we have concluded that Plaintiffs have failed to plead a cognizable substantive due process claim, we need not address whether RVB and Yerkes were state actors.

chief warned some of Norristown's employees in a May 10, 2007 email that the UOCs should not be issued because the Property did not comply with fire safety laws, and that issuing the permits placed "all occupants in harm's way."[5] App. 153.

In May 2010, years after Plaintiffs had moved into the Property,[6] Norristown issued a condemnation notice for the Property and filed a complaint and petition for a preliminary injunction in the Court of Common Pleas of Montgomery County. The petition included reports from defendants RVB and Yerkes that detailed the structural deficiencies and other code violations at the Property. Those deficiencies included the use of wood fire escape stairs and the fact that the concrete block in some of the walls lacked the required concrete infill. On May 18, 2010, the Court of Common Pleas granted the motion to condemn the Property as a threat to health, safety, and welfare, ordered the residents to vacate the Property by May 21, 2010, and directed the Rittenhouse Club Condominium Association and various Fazio entities to prepare a remediation plan that would allow the residents to again "occupy the Property as soon as possible." App. 210. The condemnation order was lifted on August 17, 2012, but Plaintiffs contend that their units remain "not habitable and a total mess." App. 172.

Plaintiffs filed this suit in the United States District Court for the Eastern District of Pennsylvania, asserting § 1983 claims based upon alleged violations of their substantive due process rights, the Equal Protection Clause, and the Takings Clause, as

---

[5] Previously, on November 17, 2006, Charles Sweeny, then the Norristown Fire Marshal, issued a stop work order for the Property. The Second Amended Complaint does not detail why the order was issued, or why or when it was rescinded.

[6] Between April 30, 2007 and January 5, 2009, Plaintiffs purchased condominium units in the Property.

well as a Monell claim against Norristown, and state law fraud and negligence claims. Defendants twice moved to dismiss; after each motion, Plaintiffs amended their complaint. Defendants then moved to dismiss the Second Amended Complaint. The District Court dismissed the federal claims, declined to exercise supplemental jurisdiction over the state law claims,[7] and denied Plaintiffs' motion for reconsideration.

On appeal, Plaintiffs challenge only the District Court's dismissal of their substantive due process and Monell claims.

## II

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The substantive component of due process protects individuals from the deprivation of a property interest that results from an abuse of governmental power that "shocks the conscience." United Artists Theatre Cir., Inc. v. Twp. of Warrington, 316 F.3d 392, 399 (3d Cir. 2003) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). While the meaning of "shocks the conscience" may "var[y] depending on the factual context," the standard "encompasses 'only the most egregious official conduct.'" Id. at 400 (quoting Lewis, 523 U.S. at 846).

Plaintiffs have not pled facts showing that the Defendants' actions "shocked the conscience" because, as the District Court explained in its thorough and well-reasoned

---

[7] Plaintiffs asserted solely state law claims against Defendants Walter Wyckoff and Victory Fire Protection, Inc. Plaintiffs also asserted state law claims against other defendants. The District Court declined to exercise jurisdiction over all state law claims, and Plaintiffs did not appeal this ruling.

5

opinion, no individual defendant acted with deliberate indifference. Instead, each defendant's actions amount to—at most—negligence or incompetence, and it is well-established that mere negligence does not shock the conscience. See, e.g., Miller v. City of Phila., 174 F.3d 368, 375 (3d Cir. 1999). Thus, the District Court properly found that Plaintiffs failed to plead a substantive due process claim.

Moreover, the District Court properly found that Plaintiffs have not pleaded facts to support a claim based upon the "state-created danger" doctrine. This doctrine provides that a state actor may be "liable . . . for creating a danger to an individual in certain circumstances." Henry v. City of Erie, 728 F.3d 275, 281 (3d Cir. 2013); Kneipp v. Tedder, 95 F.3d 1199, 1211 (3d Cir. 1996). To establish a state-created danger claim, a plaintiff must plead four elements:

> 1) the harm ultimately caused was foreseeable and fairly direct;
>
> 2) a state actor acted with a degree of culpability that shocks the conscience;
>
> 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Morrow v. Balaski, 719 F.3d 160, 177 (3d Cir. 2013) (en banc) (quotation marks and citation omitted).

The first element requires consideration of the harm caused. A generous reading of the Second Amended Complaint suggests that Plaintiffs contend that they faced two

6

harms: (1) being placed in a potentially dangerous building, and (2) being deprived of their property as a result of the condemnation. Neither harm is the type compensable under this doctrine. As to the first alleged harm, being permitted entry into a potentially dangerous place is not a harm covered by the doctrine because the element focuses on the "harm ultimately caused," not harms that are potential or threatened.

As to the second alleged harm, Plaintiffs claim that issuing the UOCs caused them to be derived of their property. This cannot support a state-created danger claim because the issuance of the UOCs did not lead "fairly directly" to the deprivation. The immediate causes of Plaintiffs' removal from the Property were the poor construction practices of Fazio Properties and the order of the Court of Common Pleas. Even if the UOCs led to Plaintiffs' presence in the Property, and, of course, they could not have been required to leave had they not been present in the first place, it is far too remote to support a claim that the UOCs led to the deprivation. See Henry, 728 F.3d at 285 (holding that municipal defendants' "approval and subsidization of the apartment did not lead 'fairly directly' to the fire," despite plaintiffs' allegation that defendants knew that the apartment was not up to code, because the defendants' actions inspecting and approving the apartment were "separated from the ultimate harm by a lengthy period of time and intervening forces and actions"); Ruiz v. McDonnell, 299 F.3d 1173, 1183 (10th Cir. 2002) (holding that plaintiffs could not state a claim based on a state actor's issuance of a license to a daycare center where the harm occurred because the issuance of the license is not "conduct that imposes an immediate threat of harm, which by its nature has a limited range and

7

duration").[8]  Thus, Plaintiffs have failed to satisfy the first element for a state-created danger claim, and the District Court properly dismissed it.

## III

For the foregoing reasons, we will affirm the order of the District Court.[9]

---

[8] Like in <u>Henry</u>, we are unaware "of a case in which a circuit court extended liability under the state-created danger doctrine to licensing-type activities.  Nor have plaintiffs cited such a case."  <u>Henry</u>, 728 F.3d at 286 n.9.

[9] Municipal liability under § 1983 must be based on the "execution of a government's policy or custom" that actually results in a constitutional violation.  <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 694-95 (1978).  Because we conclude that Plaintiffs have not alleged facts showing a constitutional "violation in the first place, there can be no derivative municipal claim."  <u>Mulholland v. Gov't Cnty. of Berks, Pa.</u>, 706 F.3d 227, 238 n.15 (3d Cir. 2013).  Therefore, the <u>Monell</u> claim was properly dismissed.